(25 App. Div. 193.)

### CLOSE v. KJELGAARD et al.

(Supreme Court, Appellate Division, First Department. January 21, 1898.)

INJUNCTION—MISAPPROPRIATION OF CHURCH FUNDS—EVIDENCE.

In an action by a member of the board of trustees of a church, against other trustees, the pastor, and the church, the plaintiff procured an injunction order restraining defendants from disposing of church funds. In his moving papers, in addition to general allegations charging a dissipation and misuse of the funds, he specifically alleged refusal by defendants to pay over certain specified moneys to a designated person as church treasurer. The defendants showed that such person was not the church treasurer, particularly denied all the other charges, and accounted for their disposition of the specified moneys. *Held*, that no grounds existed for the granting of the order.

Appeal from special term.

Action by Frederick B. Close, as trustee, against John W. Kjelgaard and others. From an order continuing an injunction, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Albert Stickney, for appellants.
Daniel T. Kimball, for respondent.

PER CURIAM. The plaintiff is one of the board of trustees of the First Free-Will Baptist Church of the City of New York. In his capacity as trustee he has brought an action against the pastor, two others of the trustees, and the church, to cancel the contract of the defendant Kjelgaard with the church as its pastor, to procure the appointment of a receiver of money now in the hands of the trustees, and to obtain an injunction restraining the defendants from disposing of that sum of money, or from interfering with or disposing of any other property of the church, which the defendants now have or which may come into their hands. An injunction was granted restraining the defendants from interfering or meddling with or making any disposition of the proceeds of the property of the church, and from the order granting that injunction this appeal is taken. The ground for the injunction evidently is that it appears by the papers that the defendants are wasting, or are likely to waste, the property of the church which shall come into their hands; and it is alleged, in general terms in the complaint, that they are about to use and dissipate that property, and that they are engaged in a conspiracy to

obtain the possession of the funds of the church, and to appropriate' them to their personal use. The allegations in the complaint are very general, and the proof to sustain them in the affidavits submitted is not much more definite. It is stated that there has come into the hands of the defendants the sum of $650, being interest money due to the said church, and that they have refused to pay it over to one Barnaby, who claims to be the treasurer of the church. This is the only specific allegation contained in the papers produced by the plaintiff as to the waste of any property of the church, although there are general statements that the individual defendants are dissipating its assets. It is made to appear, by the affidavits submitted on the part of the defendants, that Barnaby is not the treasurer of the church, but he is the treasurer of the board of trustees, and that another person than he has been elected treasurer by the congregation. All allegations in the complaint tending to show that the defendants have misappropriated or are wasting any of the funds of the church are particularly denied, and, with regard to the sum of $650, it is stated that $500 of it had been paid over to apply upon the salary of the pastor, and $50 to another person who officiated in the church in his absence, and the remainder is now in the possession of the person to whom it was paid, and by whom it is held by authority of the church. All of the allegations tending to show that there has been any waste or misappropriation of the property of the church are met and denied by the defendants, and there seems to have been no ground for the granting of this injunction.

The order granting the injunction must therefore be reversed, with $10 costs and disbursements, and the motion to continue it denied, with $10 costs to abide the event.